*In re* Brown *et al.*

No. D-3.  Opinion Filed July 13, 1909.

(103 Pac. 1135.)

Original proceedings for the disbarment of H. H. Brown and R. F. Turner.  Proceedings dismissed.

*Benedict Elder,* for the Bar Examination Commission.

*W. T. Brown,* for respondent Brown.

Per Curiam.  This is a proceeding in disbarment, instituted in this court on March 1, 1909, against H. H. Brown and R.

F. Turner, members of the bar of this state, charging in substance
that, while partners in the practice of law at Ardmore, they were
employed by the Anti-Horse Thief Association to assist in the
prosecution of Ben Lindsey and Lon Chieves, charged with rob-
bery, and while so employed accepted the sum of $250 from Ben
Lindsey to procure a dismissal of the case against him.    Later
this court appointed a committee from the Bar Examining Com-
mission to investigate said charge, who took testimony and filed
their report herein.

The evidence, in substance, discloses that in October, 1905,
respondents, while partners in the practice of law at Ardmore,
were employed by said association to assist in the prosecution of
Ben Lindsey and Lon Chieves for robbery, and accepted a retainer
of $100; that thereafter, pending said prosecution, said partner-
ship was dissolved, and in a division of cases between the partners
said prosecution fell to said Brown, who from that time on looked
after the case in person and appeared therein before the United
States Commissioner and in the courts at various times when said
cause was called for trial, and fully discharged his duty under said
retainer; that after the admission of the state into the Union the
cause was changed to Marietta, and was continued until the fall
of 1908, at which time said Brown appeared at Marietta and an-
nounced ready for trial, that defendant thereupon asked a post-
ponement thereof until the next day, in order to secure the attend-
ance of his witnesses, and the cause was passed accordingly; that
there was an old fee due from said Lindsey to said firm of Brown
& Turner, which had been reduced to judgment and was unpaid,
the exact amount of which was and is unknown, owing to the loss
of the records in that case; that on the next day after said post-
ponement said Brown dismissed said criminal prosecution against
said Lindsey and Chieves, concerning which the report of the
committee says:

"The case was dismissed by an order of the court entered after
the continuance had been granted to the defendant.    A scrutiny
of the record convinces us that respondent Turner had nothing

to do with the dismissal of the case, and it is conclusive to our minds that the dismissal was due to a lack of witnesses, and at the request of members of the association H. H. Brown consulted before the dismissal was entered."

At the time said cause was dismissed said Turner was in the courtroom, and, learning that Lindsey was not present, went out and communicated at once with one Westheimer. and with him made arrangements to have said Lindsey execute a note and mortgage for $250, payable to Westheimer, for the benefit of Turner, and through Westheimer led Lindsey to believe that, if he would thus pay him (Turner) said $250, the amount claimed as due on said fee, he would have said prosecution against him dismissed, which was done, but which said committee find was never paid; that said Brown knew nothing of said deal, and that said conduct on the part of Turner, in that it went too far to collect an old fee, was reprehensible; that "we have carefully investigated this case, and have studied the record closely, but have been unable to find sufficient to convince our minds that respondent secured the sum of $250 for the purpose of securing a dismissal of the case against Ben Lindsey"—and concludes: "Deeming the evidence to be insufficient to sustain the charges, we recommend that the charges be dismissed."

As there is no doubt of the correctness, of said report, which is unexcepted to, we feel constrained to approve the same and order a dismissal of this proceeding. But before doing so we desire to concur with the report of the Commission in the opinion that the conduct of respondent Turner in the premises was reprehensible in a high degree. Such practices are, moreover, calculated to bring the profession into disrepute, and such that, if persisted in, will soon bring him to the lowest rung of professional standing. We are not unmindful of the fact that the firm had obtained judgment against Lindsey for the amount of this fee, and that the same was unpaid; that the amount was a goodly one, honestly earned, and perhaps much needed; but that in no measure justified or excused said respondent in insinuating to Lindsey that if he would pay it the prosecution against him would be dismissed,

especially as respondent knew at the time that said prosecution had, unknown to Lindsey, already been dismissed, and the case at all times beyond his control. Such methods may prosper for a season, but will inevitably lead to professional obscurity and oblivion. And this is our reprimand, recommended by the Commission, and with it this proceeding is dismissed.

All the Justices concur.